John R. Habashy (SBN 236708)
*john@lexiconlaw.com*
LEXICON LAW, PC
633 W. 5th St., 28th Floor
Los Angeles, CA 90071
Tel: (213) 223-5900
Facsimile: (888) 373-2107

*Attorney for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONY KAMEL, individually and on behalf of a class of other similarly situated individuals,<br><br>    *Plaintiff*,<br><br>      v.<br><br>HIBBETT, INC., et al.,<br><br>    *Defendants*. | **8:22-cv-01096 RGK(Ex)**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[filed concurrently with [Proposed] Order Granting Plaintiff's Motion to Remand Action to State Court]*<br><br><br>Date: July 11, 2022<br>Time: 8:30 am<br>Crtrm: 850, 8th Floor<br>Judge: R. Gary Klausner |

NOTICE IS HEREBY GIVEN THAT on July 11, 2022, in Courtroom 850 of

the above-entitled Court, the Honorable R. Gary Klausner presiding, located at

Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los

Angeles, CA 90012. Plaintiff Anthony Kamel, shall, and hereby does, move for an order pursuant to 28 U.S.C. § 1447 remanding this action back to the Superior Court of the State of California for the County of Orange, where it was originally filed. The basis for this motion is Defendants have not shown this Court has subject matter jurisdiction according to controlling Ninth Circuit precedent. *See Bassett v. ABM Parking Services, Inc.*, 883 F.3d 776 (9th Cir. 2018) (Plaintiff in FACTA action found to have no Article III standing); *Noble v. Nev. Check Cab. Corp.*, 726 Fed. Appx. 582, 584 (9th Cir. Mar. 9, 2018) (same); *Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 766 (9th Cir. 2018) ("It was no stretch to conclude that a receipt showing the credit card expiration date, by itself, was not a concrete injury.").[1]

Using these appellate opinions as guideposts, district courts in this circuit have consistently remanded FACTA cases for a want of Article III standing. *See Colin v. Alpargatas USA, Inc.*, CV 21-9394-GW-Ex, 2022 WL 557179, at *12 (C.D. Cal. February 4, 2022) (FACTA lawsuit remanded to state court when circuit court did not possess subject matter jurisdiction due to Plaintiff's lack of Article III standing); *Siglin v. Sixt Rent A Car, LLC*, Case No.: 20-cv-503 DMS (BLM) 2020 WL 3468220, at *5 (S.D. Cal. June 24, 2020) (FACTA case remanded to state court); *Peskett v.*

---

[1] *See also Marshall v. Motel 6 Operating LP*, 825 F. App'x 527, 528 (9th Cir. 2020) ("under *Bassett*, Marshall has not alleged a concrete injury and lacks Article III standing.").

*Designer Brands, Inc.*, Case No. 2:20-cv-00563-FMO-AFM, 2020 WL 2519887, at *2 (C.D. Cal. May 18, 2020) (same); *Keim v. Trader Joe's Co.*, Case No. CV 19-10156 PSG, 2020 WL 564120, *8 (C.D. Cal. Feb. 5, 2020) (same); *Garcia v. Kahala Brands, Ltd.*, Case No. CV 19-10062-GW-JEMx, 2020 WL 265518, *3 (C.D. Cal. Jan. 16, 2020) (same); *Mendoza v. Pac. Theatres Entm't Corp.*, Case No. CV1909175CJCJCX, 2019 WL 6726088, *3 (C.D. Cal. Dec. 10, 2019) (same); *Alvarado v. Univ. of Southern California*, Case No. CV 17-3671-GW(AJWx), 2017 WL 8116092, at *4 (C.D. Cal. Sept. 21, 2017) (same). Courts across the nation are in accord. *See, e.g.*, *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018) (remanding FACTA lawsuit to state court and awarding attorneys' fees); *Blanco v. Bath and Body Works, LLC*, Case No. 1:22-cv-01207 (N.D. Ill.  June 3, 2022); *Donahue v. Everi Payments, Inc.*, Case No.: 1:19-cv-03665 (N.D. Ill. August 18, 2019) (FACTA action remanded); *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914-915 (N.D. Ill. 2016) (same). Because the Ninth Circuit has held the allegations Plaintiff sets forth in this case are not sufficient to satisfy Article III standing requirements under the U.S. Constitution, this action must be remanded to state court.

This Motion will be based on this Notice and Motion, the accompanying Memorandum of Points and Authorities, the records and files in this action, and on such matters of which the Court may take notice.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on June 2, 2022.

Dated: June 9, 2022

Respectfully submitted,


/s/ John R. Habashy
John R. Habashy (SBN 236708)
*john@lexiconlaw.com*
LEXICON LAW, PC
633 W. 5th St., 28th Floor
Los Angeles, CA 90071
Tel: (213) 223-5900
Facsimile: (888) 373-2107

*Attorney for Plaintiff*
*and the putative class*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff, Anthony Kamel ("Plaintiff"), alleges a single cause of action against Defendants, Hibbett, Inc., and Hibbett Retail, Inc., (collectively "Defendants") under the Fair and Accurate Credit Transactions Act ("FACTA"), codified as 15 U.S.C. § 1681c(g) of the Fair Credit Reporting Act in his complaint. *See* Complaint [ECF No. 1-1, p. 34-55] ("Complaint"). Therein, Plaintiff alleges that Defendants provided him and other consumers point-of-sale receipts, which contained more than the last five (5) digits of their credit and debit card account numbers, in direct violation of FACTA's express requirements. *See* Compliant ¶¶ 75-76, 87-88. For this violation, Plaintiff seeks statutory damages under FACTA of "not less than $100 and not more than $1000", in addition to other relief available under 15 U.S.C. § 1681n. *See* Complaint ¶ 105. Importantly, Plaintiff does not seek an award of actual damages as a result of the alleged violations.

Defendants, as the removing parties, bear the burden of demonstrating that Plaintiff has Article III standing. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir 1987). However, Defendants cannot meet this burden under Ninth Circuit precedent. *See Bassett*, 883, F.3d 776 (FACTA case finding no Article III standing); *Noble*, 726 Fed. Appx. at 584 (same).

In similar FACTA cases that have been removed, courts in this circuit and across the country[2] have held allegations identical to those alleged in the instant Complaint— *i.e.*, Plaintiff was required to undertake steps to safeguard the receipt and has been exposed to the elevated risk of identity theft—were insufficient to establish an injury that meets the requirements of Article III such that would confer subject matter jurisdiction. *Keim*, 2020 WL 564120, at *4 ("The Court disagrees with Defendant that Plaintiff alleges an actual injury."); *Garcia*, 2020 WL 265518, at *3 ("The Court is not persuaded that Plaintiff has adequately alleged an injury in fact that is concrete and particularized, and actual or imminent, not conjectural or hypothetical"); *Mendoza*, 2019 WL 6726088, at *3 ("The Court is not persuaded

---

[2] *See, e.g.*, *Donahue*, No. 1:19-cv-03665, at 3 (N.D. Ill. August 18, 2019) (order granting motion to remand; "[A] stand-alone violation of FACTA's truncation requirement was not an injury in fact for purposes of establishing Article III standing.") (citing *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 727 (7th Cir. 2016); *Soto v. Great Am. LLC*, No. 17-CV-6902, 2018 WL 2364916, at *5 (N.D. Ill. May 24, 2018) ("Although this means that a state court potentially has jurisdiction over a federal statutory violation in an instance where a federal court does not, this is in fact a notable quirk of the United States federalist system.") (internal quotation omitted); *Mocek*, 220 F. Supp. 3d at 914-915 (finding removal of the FACTA case "objectively unreasonable" and awarding attorneys' fees.); *Whisman v. Designer Brands Inc.*, No. 21-21708-Civ, 2021 U.S. Dist. LEXIS 109726, at *5 (S.D. Fla. June 9, 2021) ("Congress 'cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'") (quoting *Spokeo*, 136 S. Ct. at 1547-48); *Nyanjom v. Sonic Corp.*, No. 20-1240-JWB, 2020 U.S. Dist. LEXIS 241437, at *5 (D. Kan. Dec. 23, 2020) (alleged FACTA violation was not a "concrete injury-in-fact sufficient for Article III standing).

that Plaintiff has adequately alleged an injury in fact that is concrete and particularized, and actual or imminent, not conjectural or hypothetical"); *Alvarado*, 2017 WL 8116092, at *4 (no jurisdiction over the plaintiffs' FACTA claims, denied the defendant's motion to dismiss, and remanded the case back to Superior Court.).

In accordance with this unequivocal body of case law and Ninth Circuit binding precedent, Plaintiff expressly conceded in his complaint that

> the allegations contained [in the complaint] are not sufficient to meet the requirements set forth by federal courts in relation to Article III standing. *See Noble*, 726 Fed.Appx. at 583 (9th Cir. 2018) ("Citing *Spokeo* we held that the plaintiff had not alleged a concrete injury sufficient to warrant Article III standing…") (quoting *Bassett*, 883 F.3d at 783 (9th Cir. 2018)).

Complaint at ¶¶ 4, 6 (acknowledging that "federal courts in California hold that plaintiffs with nearly identical allegations to those in the instant action have not met the necessary elements to confer Article III standing." (citing *Bassett*, 883 F.3d 776 and *Noble*, 726 Fed. Appx. at 584).

And therefore, Plaintiff brought his action in the Orange County Superior Court because California courts are not bound by the "case and controversy" requirement of Article III. Complaint at ¶ 3 (citing *National Paint & Coatings Assn. v. State of California*, 58 Cal. App. 4th 753, n760-761, 68 Cal. Rptr. 2d 360 (4th Dist. 1997) and *Angelucci v. Century Supper Club* (2007) 41 Cal. 4th 160, 175 [59 Cal. Rptr. 3d 142, 158 P.3d 718]).

To justify depriving Plaintiff of his choice of forum, and exposing him to the risk of dismissal for lack of jurisdiction later, Defendants, as the removing parties, must prove Article III standing is met beyond "any doubt." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt …"). Defendants have not done so. Thus, remand is required.

## II.   ARGUMENT

### A. The Removal Statutes are Strictly Construed in Favor of Remand.

The removing party, as the proponent of federal jurisdiction, bears the burden of establishing the constitutional minimum for standing under Article III. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The removal statutes are strictly construed in favor of remand. *Takeda v. Northwestern National Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). This narrow construction in favor of remand protects the jurisdiction of state courts. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (9th Cir. 1992).

"The defendant seeking removal of an action to federal court has the burden of establishing grounds for federal jurisdiction in the case. It also has the burden of showing that it has complied with the procedural requirements for removal." Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2D-1, ¶ 2:2228; s*ee also California ex rel. Lockyer v. Dynegy, Inc*., 375 F.3d 831, 838 (9th Cir. 2004) ("The removal statute

is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."); *Gaus*, 980 F.2d at 566 ("Plaintiff's motion to remand effectively forces defendant — the party who invoked the federal court's removal jurisdiction—to prove by a preponderance of the evidence whatever is necessary to support the petition …"); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

Accordingly, remand is required. *See Polo v. Innoventions International, LLC*, 833 F.3d 1193, 1195 (9th Cir. 2016) ("Remand is the correct remedy because a failure of federal subject matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III.").

### B.    There Is No Article III Standing for FACTA Claims.

Binding Supreme Court and Ninth Circuit precedent hold that plaintiffs seeking only statutory damages and not asserting any actual harm do not have Article III standing to proceed with their claims in federal court. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2197, 210 L. Ed. 2d 568 (2021) ("The Court has rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'") (quoting *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016)); *see also Noble v*, 726 Fed. Appx. at 584 (plaintiff in FACTA action

found to have no standing); *Bassett*, 883 F.3d 776 (same); *Marshall*, 825 F. App'x at 528 (same).

Numerous other circuit courts have held claims for statutory damages under FACTA are simply insufficient to confer Article III standing.  *See, e.g.*, *Meyers*, 843 F.3d at 728-29 ("[W]ithout a showing of injury apart from the statutory violation, the failure to truncate a credit card's expiration date is insufficient to confer Article III standing."); *Katz v. Donna Karan Co. Store, L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) ("bare procedural violation [of FACTA] did not raise a material risk of harm of identity theft" sufficient for Article III standing); *Crupar-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76, 81 (2d Cir. 2017) ("[W]e conclude that the plaintiff here has not alleged in her amended complaint that Paris Baguette's bare procedural violation of FACTA posed a material risk of harm to her."); *Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102, 117 (3d Cir. 2019) ("In sum, absent a sufficient degree of risk, J. Crew's alleged violation of FACTA is 'a bare procedural violation' that does not create Article III standing."); *Thomas v. Toms King (Ohio II), LLC*, 997 F.3d 629, 642 (6th Cir. 2021) ("[S]tatutory-injury-for-injury's sake does not satisfy Article III's injury in fact requirement."); *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 936 (11th Cir. 2020) (en banc) ("a 'bare procedural violation, divorced from any concrete harm,'" is insufficient for Article III standing) (quoting *Spokeo*, 136 S. Ct. at 1549).

**C.    Defendants Have Not Met their Burden to Establish Plaintiff Has Standing Under Article III to Pursue his Claims in This Court.**

Among the requirements to maintain an action in federal court is that a plaintiff must have standing under Article III of the United States Constitution. "Article III standing … enforces the Constitution's case-or-controversy requirement." *DiamlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006). "The requirement of standing … has a core component derived directly from the Constitution. A plaintiff must allege a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). Specifically, "[t]he plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant …" *Lexmark Intern., v. Static Control Components, Inc.*, 134 S.Ct. 1377, 1386 (2014).

Typically, "[t]he plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing" the elements of standing. *Spokeo*, 136 S.Ct. at 1547. Here, however, where Defendants have invoked federal jurisdiction through removal, they bear the burden of establishing this Court's jurisdiction. *California ex rel. Lockyer*, 375 F.3d at 838. Defendants have not done so, and the allegations relating to injury

in the underlying Complaint have already been rejected by the Ninth Circuit as insufficient to establish standing under Article III.[3]

In contrast, Plaintiff's complaint noted the Ninth Circuit precedent regarding standing:

> federal courts in California hold that plaintiffs with nearly identical allegations to those in the instant action have not met the necessary elements to confer Article III standing. *See Bassett v. Parking Services, Inc.*, 883 F.3d 776 (9th Cir. 2018) ("[W]e conclude that Bassett failed to allege a concrete injury sufficient to give him standing."); *see also Noble v. Nev. Check Cab. Corp.*, 726 Fed. Appx. 582, 584 (9th Cir. Mar. 9, 2018) (Plaintiff in FACTA action failed to satisfy Article III standing requirements).

Complaint at ¶¶ 4, 6 (conceding that the allegations contained in the complaint are not sufficient to meet the requirements of Article III standing).

Notably, Defendants' Notice of Removal is devoid of any reference to Article III standing. *See* Defendants' Notice of Removal [ECF No. 1] ("Notice of Removal"). Defendants assert in the Notice of Removal "[j]urisdiction is proper… in that this case arises under the laws of the United States… and presents a federal question" *Id.* ¶ 3. This bare statement ignores the remaining provisions of Article III and the applicable case law requiring an injury-in-fact. *See Allen*, 468 U.S. at 751; *Bassett*,

---

[3] As detailed *infra*, Plaintiff does have standing in California state courts under applicable California law.

---

883 F.3d at 783; *Noble*, 726 Fed. Appx. at 584; *Garcia*, 2020 WL 265518, at *3 (remanding FACTA case for lack of standing); *Mendoza*, 2019 WL 6726088, *3 (same); *Anton*, 2019 WL 4266528, *3 (same).

The fact that the claims set forth in the Complaint arise under federal law is not enough to confer Article III standing. *See Bassett*, 883, F.3d 776 (FACTA case finding no standing); *Noble*, 726 Fed. Appx. at 584 (same); *see also Spokeo*, 136 S.Ct. at 1549 (finding FCRA violation alone does not satisfy the injury-in-fact requirement for Article III); *Kamal*, 918 F.3d at 113-17 (alleged bare procedural violation of is not sufficient for Article III standing"); *Katz*, 872 F.3d at 116 (same).

Defendants further maintain "[j]urisdiction is also independently proper under the Class Action Fairness Act ("CAFA") … ." *See* Notice of Removal ¶ 4. However, the same rules regarding Article III standing apply to cases removed under CAFA as those applied to cases removed under different circumstances. *See Polo*, 833 F.3d at 1196 ("[t]he rule that a removed case in which the plaintiff lacks U.S. Const. art. III standing must be remanded to state court under 28 U.S.C.S. § 1447(c) applies as well to a case removed pursuant to Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, as to any other type of removed case. 28 U.S.C.S. § 1453(c)(1).").

Thus, controlling Ninth Circuit authority requires that this matter be remanded to the state court where it was originally filed. *See id.*; *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 n.6 (9th Cir. 2018) ("As a general rule, if the district court

is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court.").

Clearly, Defendants have not met their burden of proving Plaintiff meets the comparatively stringent requirements for Article III standing.  As the Supreme Court emphasized in *Spokeo*, "Article III standing requires a concrete injury even in the context of a statutory violation." *Ramirez*, 141 S. Ct. at 2205 (quoting *Spokeo*, 578 U. S. at 340).

Once again, Defendants have failed to show how the allegations in the Complaint rise to the level of an Article III injury in light of controlling Ninth Circuit precedent.

### D. Remand Is Proper.

The Ninth Circuit has considered the propriety of a district court's dismissal of a removed case where the district court dismissed the case after determining the plaintiff lacked Article III standing. *Polo*, 833 F.3d at 1195. The Ninth Circuit reversed the district court, concluding that remand to state court (rather than

dismissal) is necessary and proper where a plaintiff has no Article III standing and cannot proceed in federal court because jurisdiction is lacking.[4]

It is worth noting that this matter can proceed in state court after remand. The Supreme Court and the Ninth Circuit have recognized that "the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or, in this case, a federal statute."[5]

California superior courts have no comparable standing limitation, as multiple California appellate courts have noted:

> Article III of the federal Constitution imposes a case-or-controversy limitation on federal court jurisdiction, requiring the party requesting standing to allege such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues. There is no similar requirement

---

[4] *Polo*, 833 F.3d at 1195 ("Remand is the correct remedy because a failure of federal subject matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III."); s*ee also Keim*, Case No. CV 19-10156 PSG, [ECF No. 27] ("Consistent with *Polo*, the Court finds that remand is appropriate. . . . This result makes sense because once the Court determines that it lacks Article III standing, any ruling on the merits would move the Court beyond its constitutional reach."); *Bercut v. Michaels Stores, Inc.*, 2017 WL 2807515, at *5 (N.D. Cal. June 29, 2017) (finding no Article III injury sufficient to support standing and remanding the action to state court due to lack of subject matter jurisdiction).

[5] *ASARCO, Inc. v. Kadish*, 490 U.S. 605, 617, 109 S.Ct. 2037, 2045 (1989) (citing string of prior Supreme Court cases); *see also Polo*, 833 F.3d, at 1196.

in our state Constitution.

*Jasmine Networks, Inc. v. Sup. Ct.*, 180 Cal.App.4th 980, 990 (2009) (internal

quotations omitted). Similarly, another California appellate court also stated that:

> [o]ur state Constitution contains no 'case or controversy'
> requirement. The substantial body of federal cases interpreting
> standing under the United States Constitution do not purport to
> impose the same requirement in cases arising under the California
> Constitution. The California Constitution specifically provides
> (Article 1, section 24) that California Constitutional rights do not
> depend on the United States Constitution. Appellants cite no
> California cases holding that concrete injury and redressability are
> essential prerequisites to justiciability in California.

*Nat'l Paint & Coatings Assn. v. State of California*, 58 Cal.App.4th 753,761 (1997);

*see also Escobar v. Major League Baseball*, Case No.: 18STCV02491 (Los Angeles

Sup. Ct. May 8, 2019) (overruling defendants' demurrer and holding that the

plaintiff's FACTA claim may proceed in state court) ("California courts are not

bound by the 'case and controversy' requirement of article III of the United States

Constitution. . . . Thus, Plaintiff may take advantage here of the right and remedy

created by Congress").

Moreover, this Court need not dive into the question of whether or not the

California state court actually has jurisdiction to hear Plaintiff's FACTA claim. It is

sufficiently plausible that it does, based on the broad standing principles that

delineate the jurisdiction of California state courts. "Only when the eventual

outcome of a case after remand is so clear as to be foreordained" should a federal

court dismiss it, rather than remand it. *Polo*, 833 F.3d at 1198. Here, because "[i]t is far from clear that a state court would dismiss [the plaintiff's] [ ] claim," remand to the California state court is required. *Id.*; *see also Keim*, 2020 WL 564120, *8; *Garcia*, 2020 WL 265518 at *3; *Mendoza*, 2019 WL 6726088, at *3; *Alvarado* 2017 WL 8006092, at *4; *Mocek*, 220 F. Supp. 3d at 914-15.

## III.    CONCLUSION

Defendants have failed to carry their burden to show Plaintiff has Article III standing in light of controlling Ninth Circuit precedent. Accordingly, this action should be remanded to the Superior Court for the County of Orange where it was originally filed.

Dated June 9, 2022

Respectfully submitted,

/s/ John R. Habashy

John R. Habashy (SBN 236708)
*john@lexiconlaw.com*
LEXICON LAW, PC
633 W. 5th St., 28th Floor
Los Angeles, CA 90071
Tel: (213) 223-5900
Facsimile: (888) 373-2107

*Attorney for Plaintiff
and the putative class*

# CERTIFICATE OF SERVICE

I, John R. Habashy, declare:

I am a citizen of the United States and employed in California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 633 W. 5th Street, 28th Floor, Los Angeles, California 90071. On April 1, 2022, I served a copy of the within document:

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

(X)     BY CM/ECF: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

( ) By transmitting via e-mail or electronic transmission the document

        I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 9, 2022, at Los Angeles, California.


                                        /s/ John R. Habashy
                                        John R. Habashy