UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-01096-RGK-E | Date | July 22, 2022 |
|---|---|---|---|
| Title | *Anthony Kamel v. Hibbett, Inc., et. al.* | | |

JS6

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendant:
Not Present   Not Present

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand Action to State Court [DE 16]

## I.  INTRODUCTION

On April 29, 2022, Anthony Kamel ("Plaintiff"), on behalf of himself and a putative class, filed a Complaint against Hibbett, Inc. ("Hibbett") and Hibbett Retail, Inc. ("Hibbett Retail") (collectively, "Defendants") alleging a violation of the Fair and Accurate Credit Transactions Act ("FACTA"), an amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. (Compl. Ex. A, ECF No. 1–1.) On June 1, 2022, Defendants removed the case to this Court. (Notice Removal, ECF No. 1.)

Presently before the Court is Plaintiff's Motion to Remand. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II.  FACTUAL BACKGROUND

The following facts are alleged in the Complaint, unless noted otherwise:

Plaintiff asserts that after using his credit card to make a purchase at a Hibbett store on or around January 24, 2022, he was provided an electronically-printed receipt showing ten digits of his credit card account number. Under FACTA, a receipt cannot include more than the last five digits of a credit card number, and therefore Defendants are in direct violation of the statute. Plaintiff contends this violation created an invasion of his privacy and an elevated risk of identity theft.

## III.  JUDICIAL STANDARD

Pursuant to 28 U.S.C. § 1331, district courts shall have original jurisdiction over any civil action which arises under federal law. The defendant removing the case to federal court bears the burden of establishing the existence of federal jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-01096-RGK-E | Date | July 22, 2022 |
|---|---|---|---|
| Title | *Anthony Kamel v. Hibbett, Inc., et. al.* | | |

JS6

(9th Cir. 1988). Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

### IV. DISCUSSION

Plaintiff argues that the FACTA violation at issue in his Complaint is purely procedural and does not amount to an actual injury, and thus he does not have standing. Defendants disagree, arguing that FACTA was designed to protect concrete interests and Plaintiff alleges actual harm to such interests.

To maintain an action in federal court, a party invoking federal jurisdiction bears the burden of establishing standing under Article III by demonstrating: (1) an injury in fact; (2) that is traceable to the challenged conduct of the defendant; and (3) is likely to be "redressed by a favorable judicial decision." *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560–561 (1992). The party invoking federal jurisdiction has the burden of proving those three elements. *FW/PBS, Inc. v. City of Dall.*, 493 U.S. 215, 231 (1990). To show an injury in fact, a plaintiff must allege "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560. Congress may not "enact an injury into existence" merely by granting a right to sue, and therefore there is no automatic satisfaction of the injury-in-fact requirement just because a plaintiff has a statutory right to sue. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Instead, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue . . . in federal court." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) (emphasis in original). The concrete harm requirement necessitates an actual injury caused to a plaintiff by a defendant, because Congress does "not [have] a freewheeling [statutory] power to hold defendants accountable." *Id*; quoting *Casillas v. Madison Ave. Assocs., Inc.,* 926 F.3d 329, 332 (7th Cir. 2019).

Defendants, as the party invoking federal jurisdiction, fail to meet their burden of showing that Plaintiff's alleged harm constitutes an actual and concrete injury. The law is clear that certain FACTA or FCRA violations alone are insufficient to confer standing. *Spokeo, Inc.*, 578 U.S. at 341–342 (holding Plaintiffs fail to satisfy Article III's concrete injury requirement by alleging "a bare [FCRA] procedural violation"). Although factual allegations of injury or threat of injury may suffice to establish standing under Article III, merely conjectural or hypothetical allegations are insufficient. *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1142 (9th Cir. 2010). In support of their assertion that Plaintiff satisfies the injury-in-fact requirement, Defendants cite to the allegations underlying Plaintiff's claims—that the disclosure of "Plaintiff's and Class members' personal financial information to the world, including to persons who might find the receipts in the trash . . . [or] identity thieves who thrive in environments such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-01096-RGK-E | Date | July 22, 2022 |
|---|---|---|---|
| Title | *Anthony Kamel v. Hibbett, Inc., et. al.* | | |

JS6

as Defendants' various locations," may result in an invasion of Plaintiffs' privacy. (Compl. ¶ 85.) However, these generalized allegations are mere conjecture, suggestive of a risk of harm rather than rising to the level of a concrete injury. Indeed, the Ninth Circuit has already found that a procedural violation similar to the one at issue here does not provide standing. *See Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 778 (9th Cir. 2018) (holding Plaintiff's allegations of a FACTA receipt-printing violation insufficient to confer Article III standing because "it is difficult to see how issuing a receipt to *only* the card owner . . . without more, could work any concrete harm").[1]

Because Defendants have failed to meet their burden of proving at least the first element–an injury in fact–to establish standing, Plaintiff's claim cannot stand in this Court.[2]

**V.     CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Motion to Remand the Case to Los Angeles Superior Court.

The Motion to Dismiss [13] and Motion to Strike [14] are denied as MOOT.  All other dates and deadlines are vacated.  The Clerk shall close this case.

**IT IS SO ORDERED.**

cc: Superior Court of CA for the County of Orange, 30-02022-01257316-CU-NP-CXC

|  | : |
|---|---|
| Initials of Preparer | jre/a |

---

[1] It appears no district court that has considered FACTA violations similar to this one has denied a motion to remand. *See, e.g., Garcia v. Kahala Brands, LTD.*, No. CV19-10062-GW-JEMX, 2020 WL 256518 at *3 (C.D. Cal. Jan. 16, 2020), *Keim v. Trader Joe's Co.*, No. CV1910156PSGMRWX, 2020 WL 564120 at *3 (C.D. Cal. Feb. 5, 2020).

[2] Despite the Court's determination that Plaintiff does not adequately allege an injury-in-fact sufficient to confer federal standing, this case may proceed at the state level because California courts are not bound by the rigid "case or controversy" requirement of Article III. *See Grosset v. Wenaas*, 42 Cal. 4th 1100, 1117 n.13 (2008) (noting that a plaintiff need not "have a personal stake in the outcome of the controversy" to bring suit).